UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lasteve Edwards, <br><br> individually and on behalf of all others similarly situated, <br><br>                                                      Plaintiff, <br><br>                      -v.- <br><br> National Enterprise Systems, Inc., <br><br>                                                      Defendant. | Case No.: 2:22-cv-12022 <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

   Plaintiff Lasteve Edwards ("Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant National Enterprise Systems, Inc. ("NES" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINESY STATEMENT

  1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Michigan consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Michigan, County of Wayne.

8. Defendant NES is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a registered address for process service care of CSC-Lawyers Incorporating Service Company, 2900 West Road, Suite 500, East Lansing, Michigan 48823.

9. Upon information and belief, Defendant NES is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

     a. all individuals with addresses in the State of Michigan;

     b. to whom the Defendant NES sent a collection letter;

     c. attempting to collect a consumer debt;

     d. wherein the letter fails to state that interest is increasing when it continues to do so;

     e. wherein the letter fails to disclose that the applicable statute of limitations has run when legal enforcement of the debt is time-barred;

     f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

    issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to March 14, 2022, Plaintiff allegedly incurred obligations to non-party Navient Solutions LLC ("Navient").

21. The obligations arose out of transactions incurred primarily for personal, family, or household purposes. Specifically, personal student loans.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

23. The alleged obligations are defined as a "debt" pursuant to 15 U.S.C.§ 1692a (5).

24. The alleged obligations were to a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Navient contracted with the Defendant NES to collect the alleged debts.

26. Defendant NES collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*March 14, 2022 Collection Letters*

27. On or about March 14, 2022, Defendant NES, on behalf of Navient, sent the Plaintiff two collection letters (collectively, "Letters") regarding the alleged debts. *See* the Letters attached as Exhibit A.

28. The Letters each have its respective table as follows:

| As of August 31, 2011, you owed: | $2,331.40 | As of December 31, 2012, you owed: | $4,446.98 |
|---|---|---|---|
| Between August 31, 2011 and today: | | Between December 31, 2012 and today: | |
| You were charged this amount in interest: | + $1,164.35 | You were charged this amount in interest: | + $2,240.35 |
| You were charged this amount in fees: | + $0.00 | You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | - $0.00 | You paid or were credited this amount toward the debt: | - $0.00 |
| Total amount of the debt now: | $3,495.75 | Total amount of the debt now: | $6,687.33 |

29. The Letters do not state that interest is increasing on the debt.

30. The Letters do not state that any interest is being waived on the debt.

31. Upon information and belief, Plaintiff's interest is increasing on the debt.

32. Therefore, Defendant is required to disclose this information to the Plaintiff.

33. If any interest is being waived, the Letters must so state and failure to do so was false, deceptive, misleading, and/or unfair.

34. Similarly, the Letters are silent concerning the statute of limitations to enforce the debt.

35. Upon information and belief, the Letters reflect that the dates of default are August 31, 2011 and December 31, 2012, respectively.

36. Thus, the applicable statute of limitation on the alleged debt had expired at the time that the Letters were issued.

37. Accordingly, the Letters should have advised the Plaintiff that she could not be sued and that the debt was unenforceable.

38. To state or imply otherwise, affirmatively or by omission, was false, misleading and deceptive.

39. Despite the omitted language in the Letters, the current creditor could not sue on the debt at the time that the Letter was issued.

40. Therefore, Defendant included incorrect or misleading legal advice/status in the Letters.

41. Defendant's improper collection actions led the Plaintiff to believe that the Letters were fraudulent, or at least suspect, in whole or in part.

42. Plaintiff was confused as to whether the Letters were from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was already satisfied.

43. Because of the Defendant's improper collection, Plaintiff was unable to properly respond to the Letters.

44. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendant is authorized to collect the debt, and if so, whether the amount of her obligation is static or dynamic.

45. The Letters materially misled the Plaintiff because when faced with two equal-amount debts, one of which is enforceable and getting bigger (dynamic) and one of which is unenforceable and will never get bigger (static), Plaintiff would pay the dynamic enforceable debt first.

46. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance and cannot properly evaluate whether the debt is enforceable.

47. Plaintiff was therefore unable to make payment on the debt.

48. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

49. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

50. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

51. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

52. Plaintiff's reliance on the Letters, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination to third parties, of negative credit reporting to the Plaintiff's financial and reputational detriment.

53. Thus, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff reputational harm.

54. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff financial harm.

55. Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of shock, anxiety and stress.

56. Plaintiff's reputational and emotional harm manifested itself physically in the form of increased heartrate.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

59. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

60. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

61. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

63. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

64. Plaintiff was confused and misled to her detriment by the statements in the Letters, and relied on the content of the Letters to her detriment.

65. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

66. As a result of the Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

67. Plaintiff repeats the above allegations as if set forth here.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

69. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

70. Defendant violated said section, as described above, by:

   a. Making a false and misleading representation in violation of §1692e (10); and

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2)(A).

71. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

72. Plaintiff repeats the above allegations as if set forth here.

73. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

74. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

75. Defendant violated this section by unfairly providing conflicting information concerning:

    a. The amount of the debt; and

    b. The enforceability of the debt.

76. Defendant's acts, as described above, were done intentionally with the purpose of coercing the Plaintiff to pay the alleged debt.

77. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

78. Plaintiff repeats the above allegations as if set forth here.

79. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

80. In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

81. Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g (a)(1), the amount of the debt.

82. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lasteve Edwards, individually and on behalf of all others similarly situated, demands judgment from the Defendant NES as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 29, 2022

Respectfully Submitted,

/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
ysaks@SteinSaksLegal.com
*Attorneys for Plaintiff*