UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASTEVE L. EDWARDS,
individually and for others similarly situated,

        Plaintiffs,                       Case No. 2:22-cv-12022

v.                                     Honorable Susan K. DeClercq
                                             United States District Judge

NATIONAL ENTERPRISE SYSTEMS INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT**

Plaintiff Lasteve Edwards alleges Defendant National Enterprise System's debt-collection letters violate the Fair Debt Collection Practices Act (FDCPA) for failing to disclose whether interest was accruing and whether the debts were legally enforceable.

Neither the facts nor the law support her claims. Although the FDCPA aims to protect consumers from deceptive practices, it does not impose a duty to disclose every detail that could be potentially confusing—especially when the debt is static (i.e., when no interest is accruing). Because Plaintiff's debts were static, the letters accurately explained the amount and nature of Plaintiff's debts, and it was not misleading for the letters to omit information about the expired limitations period, summary judgment will be granted for Defendant and the case will be dismissed.

## I. BACKGROUND

Plaintiff Edwards, a Michigan resident, owed two debts to nonparty Navient Solutions. ECF No. 1 at PageID.5. Navient transferred these "static-balance" debts—meaning no further interest would accrue—to Defendant for collection. *See* ECF No. 19 at PageID.68. Defendant then sent Plaintiff two letters outlining the amounts owed. *Id.* at PageID.69. These letters itemized the prior principal, interest accrued (i.e., post-charge-off interest), and total debt—but did not specify whether interest continued to accrue and whether the debts were legally enforceable. ECF No. 1-1 at PageID.14–15.

Plaintiff sued under the FDCPA, alleging violations of §§ 1692e(2)(A), (10), 1692f, and 1692g(a)(1). ECF No. 1 at PageID.10–12. She asserts that the omissions could mislead her about her financial obligations. *Id.* at PageID.6–8.

Defendant moved for summary judgment. ECF No. 19. Specifically, Defendant contends that it did not need to explain that no interest was accruing or that the statutes of limitations had passed. Based on the records and arguments, a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f).

## II. STANDARD OF REVIEW

To win on summary judgment, movants must demonstrate that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(a). If so,

the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). All inferences must be reasonable, logical, and drawn in the nonmovant's favor. *See id.* at 255.

To determine whether Defendant's failure to disclose interest accrual violates §§ 1692e, 1692f, and 1692g, this Court must examine the statutory text and relevant precedent. *Binno v. ABA*, 826 F.3d 338, 346 (6th Cir. 2016) (citation omitted). In relevant part, the FDCPA prohibits any "any false, deceptive, or misleading representation[s]," 15 U.S.C. § 1692e, prohibits the use of "unfair or unconscionable means to collect . . . any debt," *id.* § 1692f, and requires debt collectors to state "the amount of the debt" within five days of the initial communication, *id.* § 1692g(1).

### III. ANALYSIS

**A. Disclosure of Interest Accrual under § 1692e and § 1692g**

The Sixth Circuit uses the "least sophisticated consumer" standard to evaluate alleged FDCPA violations, aiming to protect all consumers from the least savvy to the savviest. *See Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007) (first citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992); and then citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

Defendant argues that it had no duty to inform Plaintiff of interest accrual since no interest was accruing. An affidavit from Defendant's compliance manager,

Eric Thut, confirmed that no interest accrued since the debts were placed with Defendant. ECF No. 19-1 at PageID.83. Thus, Defendant's letters accurately provided the total debt amount without mentioning ongoing interest because there was none.

Plaintiff, however, asserts that the letters' failure to specifically state the nonaccrual of interest could mislead the least-sophisticated consumer into thinking that interest could continue to accrue. ECF No. 22 at PageID.93–94.

But Plaintiff's speculative argument is unsupported by the evidence or binding law. *See* ECF No. 22 at PageID.93–94. It is undisputed that the letters accurately provided the debt amount and did not state whether interest was accruing. *See* ECF No. 1-1 at PageID.14–15. True, as Plaintiff notes, a failure to discuss interest accrual may mislead consumers. *See Avila v. Riexinger & Assocs.*, 817 F.3d 72, 76–77 (2nd Cir. 2016). But that is not the case if the debt is static (i.e., not accruing interest).

If the debt is not growing, then saying nothing about interest is not misleading. *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 215 (2nd Cir. 2018); *see also Walker v. Shermeta, Adams, Von Allmen, PC*, 623 F. App'x 764, 768 (6th Cir. 2015) (emphasizing that it is not misleading for a debt collector to note possible future interest while no interest is accruing); *Taylor v. Cavalry Inv.*, 365 F.3d 572, 575 (7th Cir. 2004) (holding that a letter that "clearly stated the principal balance, the interest

due, and the total balance due, and" contains a "clear statement of a truism" regarding whether the "account balance may be periodically increased due to the addition of accrued interest" is not "confusing").

In sum, the text of the FDCPA does not require Defendant to disclose nonexistent interest accrual. The letters' statements that Plaintiff "was charged this amount in interest" were not "technically false" and did not "tend to mislead or [to] confuse the reasonable unsophisticated consumer" into believing that interest was still accruing. *See Wallace v. Wash. Mut. Bank*, 683 F.3d 323, 326–28 (6th Cir. 2012) (emphasizing that the plaintiff must identify a substantive misleading action rather than minor inaccuracies to establish a viable claim under the FDCPA). The liability that Plaintiff is attempting to create "would be an extratextual judicial fiat" that is not supported by precedent. *See United States v. Curney*, 606 F. Supp. 3d 622, 624 n.1 (E.D. Mich. 2021) ("If Congress wanted to add [a nonaccrual] requirement, it would have enumerated it in [the statute]'s text." (citing *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001))).

Holding otherwise would offend the purpose of the FDCPA. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) ("Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action

to protect consumers against debt collection abuses.'" (quoting 15 U.S.C. § 1692(e))). Requiring disclosures about nonaccruing interest could increase administrative burdens and costs for debt collectors, as they would need to add and to manage unnecessary disclosures. Clear, straightforward disclosures that reflect the debt's actual status—without speculative or hypothetical information—better serve the interests of consumers and debt collectors. This approach avoids creating unnecessary complications and ensures that consumers receive accurate and relevant information, thus aligning with the practical realities of debt collection and consumer protection.

### B. Disclosure of Statute of Limitations under § 1692e and § 1692f

Defendant next contends that it had no duty to inform Plaintiff about the statute of limitations because the letters did not mention or suggest litigation. Defendant explains that the letters were purely informational and did not threaten or imply legal consequences. ECF No. 19 at PageID.72. And Defendant notes that Plaintiff has not provided any evidence with respect to which state's statute of limitations applies or when it expired. *Id.* at PageID.74.

Plaintiff counters that the letters misled her about the enforceability of the debt, potentially causing her to revive the statute of limitations by making payments. ECF No. 22 at PageID.108.

But the broad prohibitions against misleading debt-collection practices do not require disclosures about expired statutes of limitations unless there is deceptive intent or actual misrepresentation that implies litigation, such as mentioning a "settlement offer." *See Buchanan v. Northland Grp.*, 776 F.3d 393, 397, 399 (6th Cir. 2015) (citations omitted); *see also Schafer v. Allied Interstate LLC*, No. 1:17-cv-233, 2019 WL 2710272, at *5–6 (W.D. Mich. June 28, 2019).

Here, Defendant's letters made no such misrepresentation. *See* ECF No. 1-1 at PageID.14–15. They were purely informational, providing the exact amounts due without demanding payment or offering a settlement. *Id.* Their content stayed clear of any statements that might be construed as threats or implications of enforceability through the courts, aligning with the *Buchanan* framework which recognized that there "is nothing wrong with informing debtors that a debt remains unpaid or for that matter allowing them to satisfy the debt at a discount." *Buchanan*, 776 F.3d at 397. Thus, Defendant was not required to include a notice about the statute of limitations.

Moreover, Plaintiff has provided no evidence that Defendant's letters would mislead or confuse any consumer, as is her burden at this stage. *E.g., id.* at 397–98 (explaining that expert testimony and government-agency studies are evidence relevant to "consumers' attitudes toward, and their understanding of, time-barred debt"). It is not enough for Plaintiff to assert in a brief that her claim simply "is

viable," *see* ECF No. 22, PageID.109, she must produce evidence to establish her claim to survive a motion for summary judgment, which she failed to do.

Because Defendant has demonstrated that there is no triable question of fact as to Plaintiff's claims, Defendant's motion for summary judgment will be granted, and Plaintiff's complaint will be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 19 is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/9/2022